UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROLIA J.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 2:25-CV-1173-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in considering certain medical opinion evidence in the record. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

### I.    Factual and Procedural History

Plaintiff protectively filed claims for DIB and SSI on August 19, 2022, alleging disability beginning on January 7, 2022. Dkt. 10, Administrative Record ("AR") 42, 121–22. Her applications were denied at the initial level and on reconsideration. AR 93–120. She requested a hearing before an ALJ, which took place on June 6, 2024. AR 62– 92, 152. Plaintiff was represented by counsel at the hearing. *See* AR 62. At the hearing, Plaintiff amended her alleged disability onset date to January 1, 2023. AR 66, 69. Her date last insured will be December 31, 2027. AR 44, 66. On August 23, 2024, the ALJ issued an unfavorable decision denying benefits. AR 39–61. Plaintiff requested review by the Appeals Council and submitted additional medical records. AR 8–31, 217–19. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7. Plaintiff appealed to this Court. *See* Dkt. 1.

In the final decision, the ALJ found Plaintiff had the severe impairments of thoracic and lumbar degenerative disc disease, right shoulder condition, status post-COVID-19 infection, and obesity. AR 45. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as described in 20 C.F.R. § 416.967(b) with certain additional limitations. AR 48.

### II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.     Discussion**

Plaintiff contends the ALJ erred in evaluating certain medical evidence in the record and Plaintiff's testimony about the severity of her symptoms, as well as failing to meet his burden at step five of the sequential evaluation process. Dkt. 12 at 2. She contends the proper remedy for these errors is remand for an award of benefits, or, in the alternative, for further development of the record. *Id.*

Plaintiff challenges the ALJ's evaluation of medical opinion evidence from Marc F. Bodow, M.D. Dkt. 12 at 12–13. When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

The Washington Department of Labor and Industries referred Plaintiff to Dr. Bodow for an independent evaluation related to two pending claims: one concerning an alleged right arm injury and the other related to post-COVID issues. AR 1012–13. On September 19, 2023, Dr. Bodow performed a clinical interview and physical examination of Plaintiff. AR 1012–15, 1022–24. He also reviewed Plaintiff's medical records beginning January 11, 2022. AR 1015–24.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

Dr. Bodow noted Plaintiff's reports of widespread tenderness, pain, and weakness during the physical exam. AR 1022–24. He wrote Plaintiff had "myriad complaints with a grossly nonphysiologic exam throughout" and "[h]er subjective complaints are a major mismatch to the objective findings on examination for the heart, lungs, and entire musculoskeletal system." AR 1027. He found no objective basis to warrant work restrictions based on the alleged right arm injury. AR 1027–28. However, regarding the COVID-related claim, Dr. Bodow deferred opining on Plaintiff's physical restrictions, job analysis, treatment recommendations, and impairment rating. AR 1028–32. He noted Plaintiff had an upcoming pulmonology evaluation and indicated he wished to review the pulmonologist's report "to see if there is any ongoing concern with long COVID" before rendering an opinion. *Id.*

On February 19, 2024, Dr. Bodow completed an addendum to his September 2023 evaluation report to render his opinion on Plaintiff's ability to work. AR 1318–19. He stated he had reviewed his previous report, the independent evaluation report of Dr. Dennis Chong, and Plaintiff's pulmonary visit note dated December 15, 2023. AR 1318. Based on these records, he opined Plaintiff "is at least capable of a sedentary job, such as desk work. She is likely highly deconditioned, related to her COVID-19 infection. For further capabilities a functional capacity evaluation could provide more specific data, if needed." AR 1319.

Then, in response to a request for further medical rationale and job analysis, he supplemented his opinion on February 23, 2024. AR 1315–16. He explained:

> My opinion of [Plaintiff's] ability to work in a sedentary position, such as desk work is based simply on my knowledge of the natural history of the Covid-19 disease. One of the well described effects of Long Covid is fatigue. The symptoms described by [Plaintiff] at the time of my IME of September 19, 2023, included "generalized weakness." Any objectivity for current function would require a formal [functional capacity evaluation].

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

AR 1315. Dr. Bodow also reviewed the job analysis of a caregiver—Plaintiff's occupation at the time of her claimed injury—and opined she was permanently restricted from performing the activities described in the job analysis "due to the long term effects of her COVID illness." AR 1310–14.

The ALJ found Dr. Bodow's opinion not persuasive. AR 53. The ALJ determined the opinion was "poorly supported because Dr. Bodow did not provide objective findings or other sufficient rationale. Rather, he affirmed that his indication of sedentary work was only speculative." *Id.* The ALJ also found that a limitation to sedentary work was inconsistent with the longitudinal record. *Id.* In making these findings, the ALJ cited only to Dr. Bodow's documents from February 2024. *Id.* (citing AR 1314–15).

The ALJ's evaluation of Dr. Bodow's opinion is deficient because he did not adequately explain how he considered Dr. Bodow's assessment as a whole. For example, the supportability finding seems to ignore that Dr. Bodow's February 2024 opinions were a supplement to, and therefore reliant on, his September 2023 examination of Plaintiff. Although Dr. Bodow acknowledged his opinion was based in part on a general understanding of "Long Covid," he also referenced objective findings documented in his evaluation. The ALJ failed to explain whether Dr. Bodow's September 2023 examination findings supported his opinion, despite citing those findings elsewhere in the decision. Without such explanation, the Court cannot determine whether the ALJ properly considered this opinion in its entirety or simply ignored a portion of the evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Accordingly, the ALJ erred.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

Had the ALJ properly considered this evidence, the RFC may have included additional limitations or the ultimate determination of disability may have changed. Therefore, the ALJ's error is not harmless and requires reversal.

Plaintiff argues the proper remedy for the ALJ's error is remand for an immediate award of benefits. Dkt. 12 at 2, 15. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

On remand, the ALJ must re-evaluate the entire sequential evaluation process, including all medical opinion evidence and Plaintiff's testimony. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings). Plaintiff should also be provided an opportunity to update the record on remand.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

IV.    Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning January 1, 2023. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8